**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH VINCENT PALOVICH, | No. 18-72065 |
| Petitioner, | |
| v. | |
| JO GENTRY, Warden, | ORDER* |
| Respondent. | |

Application to File Second or Successive
Petition Under 28 U.S.C. § 2254

Argued and Submitted July 19, 2019
San Francisco, California

Before: MURPHY,** PAEZ, and RAWLINSON, Circuit Judges.

Petitioner Palovich has applied for permission to file a second or successive

habeas corpus application to present a claim that a jury instruction given during his

trial violated his right to due process by eliminating an element of first-degree

murder. *See Sandstrom v. Montana*, 442 U.S. 510, 521 (1979).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
\*\* The Honorable Michael R. Murphy, United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244 (b)(3)(C); *see also* 9th Cir. Rule 22-3(a)(4) (providing that an application to file a second or successive § 2254 petition must "state how the requirements of section[] 2244(b) . . . have been satisfied"). Section 2244(b)(2) provides as follows:

> A claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed unless —
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law . . . or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Palovich has made neither showing. He does not assert that the factual predicate for his claim could not have been discovered previously. Nor has he shown that his claim relies on a new rule of constitutional law. The Supreme Court cases on which he relies, *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) and *Welch v. United States*, 136 S. Ct. 1257 (2016), do not require retroactive application of a change in state law, like that adopted by the Nevada

2

Supreme Court in *Byford v. State*, 994 P.2d 700 (Nev. 2000), to cases on collateral review.

The application is DENIED.